JESSE GOUGE, Appellant, v. S. R. HOYT.

Agency to sell real estate: COMMISSIONS. Under a contract to pay a stated commission in the event the owner of the property effects a sale to a purchaser whom the agent may produce, a sale to such purchaser will entitle the agent to the commission whether effected through his efforts, or directly by the owner, or through the agency of others.

*Appeal from Hamilton District Court.*— HON. J. R. WHITAKER, Judge.

TUESDAY, NOVEMBER 22, 1904.

ACTION to recover commission alleged to have been earned by plaintiff under a contract for the sale of defendant's land. Verdict and judgment for defendant. Each party appeals, but plaintiff, appealing first, will be treated

as appellant.— *Affirmed* on defendant's appeal, and *reversed* on plaintiff's appeal.

A. N. *Boeye* and *Richard Closson,* for appellant.

*Wesley Martin,* for appellee.

McCLAIN, J.— In the petition it was alleged for plaintiff that there was an agreement between plaintiff and defendant by which, if plaintiff would find and bring to the defendant a buyer for defendant's land, to whom defendant could make a sale at any price which he might thereafter agree to take, defendant would pay plaintiff for said services a commission of $243; that, in pursuance of said agreement, plaintiff brought defendant and one Hodge together with reference to the sale of defendant's land to said Hodge, and negotiations were begun between them; that, after these parties were brought together, defendant made a further agreement with plaintiff to pay a commission of $200 if he should succeed in making a sale of the land to Hodge; and that subsequently a sale by the defendant to said Hodge was effected. A general denial having been interposed by defendant, evidence was introduced for the plaintiff tending to make out his cause of action as stated in the petition; but on the submission of the case to the jury the court failed to instruct on the theory that plaintiff became entitled to recover the commission of $200 if a sale was effected to Hodge, and directed the jury to determine whether or not the plaintiff had shown by a preponderance of the evidence that he (plaintiff) succeeded in making a sale of the defendant's land to the said Hodge, and that, in order for plaintiff to recover, he must have shown that the sale, as finally effected, was through his instrumentality. The sole complaint on plaintiff's appeal is that the jury were thus erroneously instructed.

Without setting out the instructions complained of in

full, we deem it sufficient to say the issue made by the allegations of plaintiff's petition and defendant's general denial was not submitted to the jury. The contract as alleged, and as the evidence tended to establish it, was a contract entered into after plaintiff had brought defendant and Hodge together that, in consideration of an agreement to accept a less commission than that at first provided for, the defendant would pay the reduced commission if he succeeded in effecting a sale to Hodge on terms which he then proposed. With reference to the terms of this agreement, it was immaterial whether the subsequent sale to Hodge was effected through the instrumentality of plaintiff, or directly by defendant, nor was it material whether some other agent had intervened and assisted in promoting the sale.

It is contended for defendant that the sale was finally consummated through the agency of one Lee, and that Hodge had refused further to deal with the plaintiff as agent. The fact seems to be that Hodge elected to treat Lee as agent on account of some arrangement between them by which Lee was to divide the commission, but, so far as plaintiff was concerned, this was wholly immaterial. Defendant had recognized plaintiff's right to some compensation by agreeing, as the evidence tends to show, that plaintiff should have a reduced commission if the sale should be effected to Hodge. This view of the case should have been submitted to the jury, and the failure to submit it was error.

Defendant appeals from the action of the court in overruling a motion for a directed verdict in his favor on the ground of want of evidence to support plaintiff's action. But we think there is sufficient evidence in the record to take the case to the jury. Appellant's motion to dismiss appellee's appeal is, however, overruled.

On defendant's appeal, *affirmed;* on plaintiff's appeal, *reversed.*